|  |  |
|---|---|
| | |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER,<br><br>    Plaintiff,<br><br>    v.<br><br>SACRAMENTO COUNTY, *et al.*,<br><br>    Defendants. | Case No.  2:23-cv-2778-DAD-JDP (PC)<br><br>**ORDER**<br><br>GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND GRANTING LEAVE TO AMEND HIS COMPLAINT<br><br>ECF No. 6<br><br>AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |

    Plaintiff, a state prisoner housed at California State Prison, Sacramento, brings this action against seventeen named defendants and an unspecified number of defendants to be named later. ECF No. 1 at 3-7.  He claims that he was sexually assaulted by correctional officers and that the defendants violated his rights by failing to arrest, or to assist with a citizen's arrest of, the offenders.  *Id.* at 7, 12.  The complaint as articulated does not give the named defendants adequate notice of the specific claims against them and, therefore, does not comply with the Federal Rules of Civil Procedure.  I will give plaintiff leave to amend.  Additionally, although plaintiff is a three-striker within the meaning of § 1915(g), I will grant his application to proceed *in forma pauperis*, because he alleges that he is in imminent danger.  *Id.* at 22.

**I.    Legal Standards**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.    Analysis**

Plaintiff alleges that he was sexually assaulted by unidentified correctional officers. ECF No. 1 at 7, 12. He claims that he sought to subject the offending to a citizen's arrest and that the various named defendants refused to help him. *Id.* The complaint additionally alleges that plaintiff tried contacting the Sacramento County District Attorney's Office and the Sacramento

and Folsom Police Departments to seek assistance in prosecuting the sexual assault, but that each of these entities refused to help him. *Id.* at 7-9. The complaint fails to put the various defendants on notice, however, of how they specifically violated his rights. There are seventeen named defendants, and, for many of them, I cannot understand what involvement, if any, they had in the events giving rise to this case. For instance, plaintiff has sued Rob Bonta, the California Attorney General, but nothing in the complaint indicates that Attorney General Bonta would have personal knowledge or involvement in violating plaintiff's rights. The complaint is also flawed insofar as its narrative of the facts at issue heavily relies on attached prison grievance forms. *Id.* at 11-19. These photocopied grievances are difficult to parse and do a poor job of assigning responsibility for the alleged violations of plaintiff's rights. A complaint, especially one suing numerous defendants, must be well-organized so that each defendant can understand the allegations against him or her.

Plaintiff may file an amended complaint that addresses these deficiencies. He is advised that the amended complaint will supersede the current complaint. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "Amended Complaint" and refer to the appropriate case number.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis*, ECF No. 6, is GRANTED.

2. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint. The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint." Failure to timely file an amended complaint in accordance with this order will result in a recommendation this action be dismissed.

3. The Clerk of Court shall send plaintiff a complaint form with this order.

IT IS SO ORDERED.

Dated:    October 15, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE